ALFRED C. WEBBER *vs.* JOHN L. LIBBY & another.

Androscoggin.   Opinion December 16, 1879.

*Bond.   Pleading.   Evidence.   Variance.*

In an action of debt against two of the three obligors on a joint and several bond, the bond is admissible to sustain the issue on the part of the plaintiff raised by the defendants' several pleas of *non est factum*.

In such case there is no variance, in point of law, between the deed declared on and that proved.   It is still the joint deed of the parties sued, although others have joined in it.

ON EXCEPTIONS.

Debt on a poor debtor's bond, in regular form, given under R. S., c. 113, § 24, and was originally commenced against John L. Libby, Edwin Fairbanks and Charles White, who executed the bond October 20, 1877.   Charles White was insane at date of the writ, May 3, 1878, and ever since, and no service was made upon him.   Plaintiff entered his action at the September term.   At the January term, 1879, when the case came up for trial, the plaintiff discontinued as to Charles White and offered the bond in evidence, to which the defendants objected on the ground that the bond purported to be signed by John L. Libby, Edwin Fairbanks and Charles White, and therefore not admissible in this suit against John L. Libby and Edwin Fairbanks jointly, after discontinuance as to Charles White.

Also, that the bond offered, being in its terms a joint and several bond, signed by Libby, Fairbanks, and White, the plaintiff could not maintain an action on the same against two of the joint and several obligors, but must elect to proceed either against the whole, or singly.

The presiding justice allowed the bond to be read in evidence subject to the objection.

Defendants severally pleaded the general issue, *non est factum*, and by way of further plea, that the bond was obtained by duress of imprisonment, and in support of the same offered the same testimony presented by the plaintiff in the action *John L. Libby* v.

*Alfred C. Webber and Frank W. Dana*, and the presiding justice, for the purpose of presenting the case to the full court, ruled that the evidence offered, if admitted, would not constitute a defense to the suit, whereupon the defendants became defaulted, and alleged exceptions.

*F. W. Dana & F. B. Osgood*, for the plaintiff.

*A. P. Moore*, for the defendants, cited *Rand* v. *Nutter*, 56 Maine, 339. Chitty Con. 127. *Harwood* v. *Roberts*, 5 Greenl. 441. *Bank* v. *Treat*, 6 Id. 207. *Turner* v. *Whitmore*, 63 Maine, 526. 1 Chitty Plead. 43 (9 Am. ed.). Chitty Con. 153 (10 Am. ed). R. S., c. 82, §§ 11, 32, 47. R. S., c. 113, § 40.

VIRGIN, J. In the absence of any report of evidence tending to prove the alleged duress, the only question presented by the bill of exceptions or argued by the defendants pertains to the admissibility of the bond. And we have no doubt of the correctness of the ruling which admitted it. The plea was *non est factum*, and the only issue was whether a bond jointly and severally executed by three would prove that it was executed by two of them. We have no doubt of the correctness of the ruling admitting the bond. This practice is sustained by ancient and modern authorities.

"It is material," said Story, J., "to state that the bond on which the suit is brought, is a joint and several bond. Under such circumstances, the plaintiff might have commenced suit against each of the obligors severally, or a joint suit against all. But in strictness of law, he has no right to commence a suit against any intermediate member. He must sue all or one. The objection however is not fatal to the merits, but is pleadable in abatement only ; and if not so pleaded, it is waived by pleading to the merits. The reason is that the obligation is still the deed of all the obligors who are sued, though not solely their deed ; and therefore there is no variance in point of law, between the deed declared on and that proved. It is still the joint deed of the parties sued, although others have joined in it." *Minor* v. *Mechanics' Bank*, 1 Pet. 46, 73. 1 Saund. 291, c. n. 4. Gould's Pl., c. 5, § 114. *Neally* v. *Moulton*, 12 N. H. 485. *Gove* v. *Lawrence*, 24 N. H.

128. *Richmond* v. *Toothaker*, 69 Maine, 451, and cases there cited. *Hapgood* v. *Watson*, 65 Maine, 510. *First National Bank of Biddeford* v. *McKenney*, 67 Maine, 272.

If it be said that the action was originally against all and after the time for filing pleas in abatement had expired the plaintiff discontinued as to one, the answer is the defendants should have demurred instead of pleading the general issue. *Richmond* v. *Toothaker, supra.*

*Exceptions overruled.*

APPLETON, C. J., WALTON, PETERS, LIBBEY and SYMONDS, JJ., concurred.